## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | | |
|---|---|---|---|
| JOHN B. FELDER, | | ) | |
| | | ) | |
| | Petitioner, | ) | |
| v. | | ) | Case No. 1:14-cv-01386-WTL-TAB |
| | | ) | |
| BRIAN SMITH, | | ) | |
| | | ) | |
| | Respondent. | ) | |

### Entry Denying Petition for Writ of Habeas Corpus

The petition of John Felder for a writ of habeas corpus challenges a prison disciplinary proceeding. For the reasons explained in this entry, Mr. Felder's habeas petition must be **denied**.

### A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

**B. The Disciplinary Proceeding**

On April 16, 2014, Correctional Officer T. Andis wrote a Report of Conduct charging Mr. Felder with unauthorized possession of property. The conduct report states:

> On, 4-16-14 at approx. 10:48 am I officer T. Andis was conducting a targeted search of offender Felder, John D.O.C. # 906416 property when I clearly observed papers inside of a cardboard box that offender Felder Identified as his property and the offender's name and D.O.C. # were Located on the box as well as Legal mail with the offender info inside the box. The paper's [sic] that were confiscated were the white original copies from case # IYC-12-11-0202. These copies belonged in the offender's facility packet. The papers had two hole punch holes at the top of the center of the papers. The papers were confiscated and taken to the shift office to make copies and the originals were placed back in the offenders facility packet. When the offender was Questioned about the papers he would not divulge were [sic] he obtained the papers.

[Filing No. 12-1].

On April 21, 2014, Mr. Felder was notified of the charge and was given a copy of the conduct report and the Notice of Disciplinary Hearing "Screening Report." He was notified of his rights and pled not guilty. He requested a lay advocate and requested Correctional Officers T. Ray, D. Kelley, and staff member McIntyre as witnesses. Mr. Felder requested the video of the search of his cell to show that the Officer had the paperwork in his hand prior to searching the box in Felder's cell. [Filing No. 12-3].

The hearing officer conducted a disciplinary hearing on May 11, 2014, and found Mr. Felder guilty of the unauthorized possession of property. In making this determination, the hearing officer considered the staff reports, the offender's statement, evidence from witnesses, copies of the confiscated forms, and video evidence. Based on the hearing officer's recommendations the following sanctions were imposed: a 28-day loss of commissary and telephone privileges, an earned credit time deprivation of 90 days, a demotion from credit class 1 to credit class 2, and 90

days of disciplinary segregation, which was suspended. The hearing officer recommended the sanctions because of seriousness of the offense, the frequency and nature of the offense, the offender's attitude and demeanor during the hearing, the degree to which the violation disputed/endangered the security of the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. [Filing No. 12-4].

Mr. Felder appealed the disciplinary proceeding through the administrative process. His appeals were denied. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were violated.

## C. Analysis

Mr. Felder is not entitled to habeas relief because he was afforded due process. He asserts the following claims: 1) he was denied Officer Kelley as a witness; 2) the number of witnesses he was allowed was limited; 3) he was denied evidence; 4) the conduct report was not sworn under oath; 5) the hearing officer was not impartial; and 6) the documentary evidence he presented at the hearing was not noted.

In ground one of the complaint, Mr. Felder alleges he was denied testimony from Officer Kelley. Mr. Felder requested as a witness Correctional Officer D. Kelley. [Filing No. 12-3]. For reasons not explained by the respondent, Officer Kelley did not provide a witness statement. Mr. Felder alleges that he anticipated Officer Kelley to state that she witnessed Officer T. Ray give him (Felder) the papers that were later confiscated from his cell. [Filing No. 12-3]. In a habeas corpus case, even if a due process error occurred, the petitioner has the burden to show it had a substantial and injurious effect on the outcome of the proceeding. *O'Neal v. McAninch*, 513 U.S. 432 (1995). Mere speculation as to what statement a witness may provide fails to meet this burden.

In ground two of the petition, Mr. Felder alleges he was denied witnesses regarding the chain of custody. However, Mr. Felder only requested three witnesses, Officer T. Ray, Officer Kelley and Staff Member McIntyre. [Filing No. 12-3]. Mr. Felder anticipated that Officer T. Ray would state that "he gave Offender Felder all the papers referring to said case." Mr. Felder anticipated that Staff Member McIntyre would state "that he never made any copies from Offender Felder's packet and never left alone w/ packet." Officer T. Ray and Staff McIntyre both provided statements. [Filing No. 12-6; Filing No. 12-7]. As discussed above, Officer Kelley did not provide a witness statement. A prisoner has a limited right to call witnesses and present documentary evidence consistent with correctional goals and safety, but he cannot wait until the hearing to request such evidence. *Sweeney v. Parke,* 113 F.3d 716, 719–20 (7th Cir.1997) (where prisoner had opportunity to request witnesses when he was notified of the disciplinary hearing and chose not to, prisoner's limited right to call witnesses was fulfilled and his due process rights were not violated), *overruled on other grounds by White v. Ind. Parole Bd.,* 266 F.3d 759, 765–66 (7th Cir. 2001). As shown above, Mr. Felder did not request any evidence regarding the chain of custody. Mr. Felder is not entitled to relief on this basis

In ground three of the petition, Mr. Felder alleges that he was denied evidence. Specifically, Mr. Felder alleges that during the screening process he requested that Officer T. Andis be required to take a voice stress analysis and be fingerprinted, that the packet of papers be dusted for fingerprints, and that he receive the video tape and log records of individuals that entered the record room from December of 2012 through April of 2014. However, this argument fails because he is not entitled to such tests at a prison disciplinary hearing. *See Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even

in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir.1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use).

Mr. Felder was provided this video evidence in the form of a Video Review Form which summarized what was on the video. [[Filing No. 12-3; Filing No. 12-8]. Mr. Felder was not denied evidence and he is not entitled to relief on this basis.

Mr. Felder has waived the issues raised in grounds four and five for failing to raise them during the administrative process. In the fourth ground, Mr. Felder alleges that the conduct report was not sworn under oath. In the fifth ground, Mr. Felder alleges that the hearing officer was not impartial. However, Mr. Felder did not raise either of these grounds in his administrative appeal. [Filing No. 1]. As such, these issues are waived on appeal. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002).

In ground six of the petition, Mr. Felder alleges he presented exculpatory evidence at the disciplinary hearing that was not noted in the report of disciplinary hearing. The report of disciplinary hearing does not indicate that Mr. Felder was denied the right to introduce evidence or that he introduced evidence that was not preserved. [Filing No. 12-4]. In the petition, Mr. Felder alleged he presented evidence from Brian Newman, Classification Supervisor, that Mr. Newman removed the papers from his packet. [Filing No. 1, at ECR pp. 6-7]. However, the report of disciplinary hearing does not show that Mr. Felder attempted to or was denied the right to present evidence in his defense during the hearing. [Filing No. 12-4]. It is the petitioner's burden to show that his due process rights were violated. Mr. Felder has not shown that his rights were violated because there is no evidence in the record that he presented evidence from Mr. Newman that was

not considered by the hearing officer.

### D. Conclusion

The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Hill,* 472 U.S. at 454; *Wolff,* 418 U.S. at 564, 566, 570-71 (1974).

Under *Wolff* and *Hill,* Mr. Felder received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Mr. Felder was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Mr. Felder's claims that he was denied the protections afforded by *Wolff* are either refuted by the expanded record or based on assertions which do not entitle him to relief. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Felder fails to show how the absence of Officer Kelley's statement, the absence of a witness to explain chain of custody, and the absence of the voice stress analysis and fingerprint tests had a substantial and injurious effect on the outcome the proceeding. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  6/23/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

John B. Felder
#906416
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN   46168

Electronically registered counsel